IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Criminal Case No. 04-cr-00403-LTB

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

5. JOSE ALFREDO ZAPATA,

    Defendant/Petitioner.

___

ORDER
___

This case is before me on Defendant/Petitioner Jose Alfredo Zapata's ("Jose Zapata") Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. §2241) [Doc # 1385]. The petition has been fully briefed, and a hearing would not materially assist in its determination. For the reasons set forth below, I deny the petition.

## I. Background

On July 19, 2006, Jose Zapata pled guilty to count one of the redacted indictment which charged him, along with 17 family members and friends, with conspiring to distribute and possess with intent to distribute five kilograms or more of cocain in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii)(II) and 846. In exchange for Jose Zapata's guilty plea, the Government agreed to dismiss the remaining counts in the redacted indictment against him and to file a motion pursuant to Section 5K1.1 of the guidelines for a reduction in his sentence.

Jose Zapata's calculated range of imprisonment under the sentencing guidelines was 135 to 168 months. After granting the Government's 5K1.1 motion, however, I sentenced Jose Zapata to 84 months imprisonment followed by 5 years of supervised release. Judgment to this

effect was entered on October 31, 2006. Jose Zapata did not appeal his sentence, and his conviction therefore became final on November 10, 2006. *See United States v. Prows,* 448 F.3d 1223, 1227-8 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."). *See also* Fed. R. App. P. 4(b)(1)(A)(i) (criminal defendant's notice of appeal must be filed within 10 days of the entry of judgment).

On March 31, 2008 Jose Zapata filed his petition *pro se* pursuant to 28 U.S.C. § 2241. In his petition, Jose Zapata claims ineffective assistance of counsel and a violation of his constitutional rights because "[c]ounsel never explain[ed] to [him] that by signing the plea agreement [he] was also facing deportation and all these create great harm." In his reply to the petition, Jose Zapata further claims that his counsel was ineffective in failing to present mitigating circumstances and in failing to file an appeal of his sentence.

## II. Analysis

### A. The Proper Authority for The Relief Jose Zapata Seeks

As set forth above, Jose Zapata filed his petition pursuant to 28 U.S.C. § 2241. The Government argues that Jose Zapata's petition should nonetheless be construed under 28 U.S.C. § 2255. I agree.

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 attacks the legality of detention ... and must be filed in the district that imposed the sentence." *Id.* (citations omitted). "The exclusive remedy for testing the validity of a judgment or sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Id.* (*quoting Johnson v. Taylor,* 347 F.2d 365, 366 (10th cir. 1965)). *See also Adams v. United States,* 372 F.3d 132, 134 (2d Cir. 2004) ("...§ 2255 is the

appropriate vehicle for a federal prisoner to challenge the *imposition* of his sentence.").

In his petition, Jose Zapata claims that his counsel was ineffective and that his constitutional rights were violated, in essence, because he received a sentence that made him subject to deportation. Although Jose Zapata is not seeking release from confinement, he is nonetheless attacking the validity of his sentence and not its execution. Jose Zapata's claims regarding his counsel's alleged failure to present mitigating circumstances of file an appeal likewise relate to the validity of his sentence. Jose Zapata's petition must therefore be considered pursuant to Section 2255 unless relief under this section would be inadequate or ineffective to test the validity of his sentence. *See* 28 U.S.C. § 2255(e). Jose Zapata has not made any argument as to why relief under Section 2255 would be inadequate or ineffective for his claims. Analysis of his petition under this Section 2255 is therefore appropriate. *See United States v. Reser,* 104 F.3d 368, 1996 WL 734632 at \*\*2 (10th Cir. Dec. 23, 1996) (district court did not err in construing defendant's Section 2241 petition as a Section 2255 motion where defendant's claims clearly attacked the validity of his sentence and not its execution).

**B. The Timeliness of Jose Zapata's Petition**

Section 2255(f)(1) provides for a 1-year period of limitation that, unless other circumstances are applicable, shall run from "the date on which the judgment of conviction becomes final." The Government argues that Jose Zapata's petition is untimely because it was filed well over a year after his conviction became final on November 10, 2006. Because he maintains that his petition is properly filed pursuant to Section 2241, Jose Zapata has not addressed the Government's timeliness argument or provided any explanation as to why his petition could not have been filed by November 10, 2007. I am unwilling to excuse Jose Zapata's failure to file his petition within the limitation period of Section 2255(f)(1) in any event because "any extension of this time period contravenes Congress' clear intent to accelerate the

federal habeas process." *Washington v. United States,* 221 F.3d 1354, 2000 WL 985885 at *1 (10th Cir. July 18, 2000). I therefore conclude that Jose Zapata's petition is untimely under Section 2255(f)(1).

Section 2255(f)(4) further provides that the 1-year limitation period shall run from "the date on which the facts supporting the claim or claim presented could have been discovered through the exercise of reasonable diligence" if that date is later that the date on which the conviction becomes final. Although there is no evidence to suggest that Section 2255(f)(4) is applicable in this case, I will proceed with an analysis of the merits of Jose Zapata's petition out of an abundance of caution.

## C. The Merits of Jose Zapata's Petition

The primary basis for Jose Zapata's petition is the fact that he allegedly was not advised by counsel that he faces deportation upon the completion of his sentence. It is clear from the record, however, that Jose Zapata was aware of his possible deportation.

Paragraph 12 of the plea agreement signed by Jose Zapata states that his "[t]he conviction may cause deportation from the United States if the defendant is not a United [S]tates Citizen and the crime of conviction satisfies one of the conditions of 8 U.S.C. § 1227(a)(2), or indefinite confinement [if] there is not country to which the defendant may be deported." At his change of plea hearing, Jose Zapata acknowledged that he read the Spanish translation of his plea agreement; that his attorney answered any questions that he may have had; that he understood his plea agreement; and that he signed it of his own free will. At his change of plea hearing, Jose Zapata also expressly acknowledged that he understood that being convicted of count one of the redacted indictment could cause him to be deported from the United States.

In order to establish ineffective assistance of counsel, Jose Zapata must show that counsel's performance was deficient and that he suffered prejudice as a result of these

4

deficiencies. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Since the evidence establishes that Jose Zapata was aware of his possible deportation, he is unable to show that he suffered prejudice as a result of his counsel's alleged failure to advise him of this potential consequence of his guilty plea. Likewise, Jose Zapata's mere assertions that his counsel was ineffective in failing to present mitigating circumstances and in failing to file an appeal are inadequate to establish prejudice to him as a result of these alleged deficiencies by counsel. I therefore conclude that the denial of Jose Zapata's petition is also warranted based on an analysis of its merits.

For the reasons set forth above, IT IS HEREBY ORDERED that Defendant/Petitioner Jose Alfredo Zapata's Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. §2241) [Doc # 1385] is DENIED pursuant to 28 U.S.C. § 2255.

Dated: June   20  , 2008, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE